IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| KENNETH M. GOODE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-03102-DCN |
| vs. ) | |
| ) | **ORDER** |
| BRINKS INCORPORATED, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The following matter is before the court on plaintiff Kenneth M. Goode's ("Goode") amended motion to compel and motion to name Todd Joye ("Dr. Joye") as an expert witness for limited scope and purpose. ECF No. 28. For the reasons set forth below, the court finds the motion to compel to be moot and grants Goode's motion to name Dr. Joye as an expert witness for limited scope and purpose. The court also grants defendant Brinks Incorporated's ("Brinks") request to name its own expert. The parties are directed to submit an updated scheduling order based upon this ruling.

## I. BACKGROUND

The underlying action concerns an injury Goode sustained at the airport when a driver/employee of Brinks failed to put the Brinks truck into park after coming to a complete stop behind Goode's vehicle. The vehicle rolled forward and pinned Goode's knee in between the bumpers of the two vehicles, resulting in significant injuries to his left knee and lower leg. This lawsuit followed.

On July 21, 2020, Goode brought this personal injury claim against Brinks alleging negligent operation of a motor vehicle resulting in Goode's injury in the Charleston Court of Common Pleas. ECF No. 1-1, Compl. Brinks removed the case to

federal court on August 28, 2020.  ECF No. 1.  Goode filed the motion to compel on July 26, 2022.  ECF No. 27.  Goode amended the motion to compel two days later.  ECF No. 28.  Brinks responded in opposition to the motion to compel on August 30, 2022.  ECF No. 33.  Goode did not reply to Brinks' response and the time to do so has since expired.  As such, the motion has been fully briefed and is now ripe for the court's review.

## II.  STANDARD

Rule 26(a)(2)(D) states that parties must make discovery disclosures "at the times and in the sequence that the court orders."  Fed. R. Civ. P. 26(a)(2)(D), see Wilkins v. Montgomery, 751 F.3d 214, 221 (4th Cir. 2014) ("A party that fails to provide these disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case.").  Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a), [] the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  In determining whether nondisclosure of evidence is substantially justified or harmless, the court looks to:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.

S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 595–96 (4th Cir. 2003) (internal citations omitted).

### III.  DISCUSSION

The parties stipulate that they have resolved the dispute over disclosures sought by the motion to compel. Consequently, the motion to compel is moot. The only remaining controversy from this motion concerns the parties' requests to name experts on medical costs.

**A.  Motion to Name Expert Witness**

Goode seeks to name Dr. Joye as an expert witness for limited scope and purpose. ECF No. 28 at 3–5. Dr. Joye prepared a Medical Life Care Plan and Medical Cost Projection on June 3, 2022, which contained cost components of the various items the expert physicians have testified that Goode will need. Id. Dr. Joye did so after the time for naming experts had expired. Id. The previously disclosed Dr. Oliver Wood, PhD ("Dr. Wood"), who will testify regarding the present value of future economic losses, is using Dr. Joye's estimates in his own total economic loss testimony. Id. The parties sought an amended discovery deadline in part to accommodate Brinks' request for additional time to review Dr. Wood's supplemental report that incorporates Dr. Joye's costs. ECF No. 23. Brinks received that report on June 8, 2022. Id. Brinks had time to review it prior to their deposition of Dr. Wood, which allowed them the opportunity to question him about Dr. Joye's medical cost projections. ECF No. 28 at 4–5. Dr. Wood testified as much in his July 28th deposition, indicating that as an economist he regularly relies on Dr. Joye's medical cost data in preparing financial reports for injury cases. ECF No. 28.

Goode asks the court to allow Dr. Joye to be named as an expert witness for the narrow purpose of testifying about how he arrived at the cost of items. Id. at 7. Brinks

objects to Goode's naming of a new expert and asserts that had they the same opportunity, they would have named their own medical expert or another expert who can combat Goode's allegations through Dr. Joye of future medical expenses. ECF No. 33 at. 2–3. Brinks requests the court disallow Goode's motion to name Joye as an expert witness, or alternatively, asks the court to allow them time to locate and name their own medical cost expert(s) if Dr. Joye is allowed to testify. Id. at 3. For the foregoing reasons, the court grants Goode's request to name Dr. Joye as an expert witness for limited scope and purpose, and grants Brinks' request to name their own experts.

The motion to name Dr. Joye as an expert witness for limited scope and purpose is untimely because the third, and latest, amended scheduling order sets discovery to be completed no later than October 11, 2022. ECF No. 25. Goode's previous deadline to name expert witnesses was on April 7, 2022—the date he identified his expert witness Dr. Wood. ECF No. 17. Brinks agreed to identify their expert witnesses by June 7, 2022. ECF No. 16. Thus, Goode's July 26, 2022, motion to name Dr. Joye as an expert witness for limited scope and purpose is untimely, as is Brinks' request to name their own expert witness.

But, Goode's naming of Dr. Joye as an expert witness who is able to testify as to the costs used in Dr. Wood's testimony is harmless under the Southern States factors. See S. States Rack & Fixture, 318 F. 3d at 595–96. First, the testimony that Dr. Joye is providing is not a surprise to Brinks because it was included as a part of Dr. Wood's report—a report that Brinks requested additional time to review. Second, since the case is not set to go to trial until 2023, Brinks has had time to prepare for Dr. Joye's testimony. Brinks has been on notice regarding Dr. Joye's opinions and relevant

conclusions for this case since June 2022. Third, allowing Dr. Joye's testimony—limited in scope to a discussion of how he developed the costs framework—would not disrupt the trial since an explanation of those costs would be required for Goode to make their case. It becomes a question of who provides it—Dr. Wood or Dr. Joye—and it makes sense to have the person who crafted the estimates testify to the jury. Fourth, weighing against granting this motion, Goode has not explained why he did not name Dr. Joye earlier. It is unclear why he is only just now submitting Dr. Joye as an expert, but nevertheless, Dr. Joye's testimony is unlikely to surprise Brinks. Fifth, Dr. Joye's testimony is relevant to provide the evidence needed for a jury to consider and fix a measurable amount of damages. Thus, though untimely, Dr. Joye's testimony is limited in scope and not a surprise to Brinks. In other words, it is harmless. Consequently, the court grants Goode's motion to name Dr. Joye as an expert in limited scope and purpose.

Alternatively, Brinks asks the court to allow them time to locate and name their own expert(s) if Dr. Joye is allowed to testify. ECF No. 33 at 3. Brinks' request is untimely, but substantially justified as it is made in response to Goode's untimely request. The court grants Brinks' request to name their own experts.

### IV.   CONCLUSION

For the reasons set forth above, the courts **GRANTS** the motion to name Dr. Joye as an expert in limited scope and purpose and **GRANTS** Brinks' request to name their own experts. The parties are directed to submit an updated scheduling order based upon this ruling.

**AND IT IS SO ORDERED.**

_____
DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**October 7, 2022**
**Charleston, South Carolina**